UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
MARK RUBENSTEIN and DENNIS J. DONOGHUE,

                Plaintiffs,

    -against-                                      23-cv-4396 (LAK) (SLC)

TRAVELZOO,

                Nominal Defendant,

    -and-

RALPH BARTEL, THE RALPH BARTEL 2005 TRUST,
and AZURRO CAPITAL, INC.,

                Defendants.
------------------------------------------x

## MEMORANDUM OPINION

Appearances:

                David Lopez
                Miriam Deborah Tauber
                *Attorneys for Plaintiffs*

                Jeffrey David Brooks
                *Attorneys for Defendants*

                Bradley Gerschel
                BALLARD SPAHR LLP
                *Attorneys for Nominal Defendant*

LEWIS A. KAPLAN, *District Judge.*

        Before the Court is defendants' motion to dismiss the first amended complaint

2

("amended complaint") for lack of subject-matter jurisdiction and for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively.[1]  In a thorough report and recommendation ("R&R"), Magistrate Judge Sarah L. Cave found that the Court has subject-matter jurisdiction but recommended that the Court dismiss the amended complaint for failure to state a claim.[2]  Plaintiffs object to the latter recommendation.[3]  Defendants do not object to Judge Cave's R&R.

Defendants' motion is granted substantially for the reasons stated in the R&R and further explained below.  Familiarity with the facts of this case is assumed.

The amended complaint alleges that defendants were statutory insiders of Travelzoo and that they violated Section 16(b) of the Securities Exchange Act of 1934 ("Exchange Act") — the so-called short-swing profit rule — through their trading of Travelzoo's stock.  Defendants do not dispute that they were statutory insiders or that their trading ordinarily would have been prohibited by the short-swing profit rule.  They contend, however, that SEC Rule 16(b)-3 exempts the transactions identified in the amended complaint from Section 16(b)'s prohibition.

Rule 16(b)-3 exempts from the short-swing profit rule transactions that satisfy three conditions.  "(1) The transaction must involve the defendant acquiring issuer equity securities from the issuer; (2) The defendant must be a director or officer of the issuer at the time of the transaction;

---

[1] Dkt 31.

[2] Dkt 46 (R&R).

[3] Dkt 49 (Pls. Mem.).

3

and (3) The transaction must be approved in advance by the issuer's board of directors."[4]  Plaintiffs dispute satisfaction only of the second requirement.  They contend that defendant Bartel was not a director or officer of Travelzoo after December 30, 2022, "prior to and as a condition of his purchase of [the] shares" in question.[5]

Plaintiffs' argument hinges on their assertion that, in order for the Rule 16(b)-3 exemption to apply, the defendant must be a director or officer of the issuer at the time the transaction *closes*.  This premise is flawed. Courts in this district "have consistently ruled that for purposes of § 16(b), a 'purchase' occurs when an investor's rights and obligations under the transaction become 'fixed and irrevocable'"[6] and not when the "technical 'purchase'" (*i.e.*, closing) occurs.[7]  Here, the rights and obligations under the transaction became fixed and irrevocable upon the execution of the stock purchase agreement ("SPA") on November 25, 2022.[8]  Plaintiffs' argument that the SPA created conditions precedent to the transaction such that the transaction was not 'fixed and irrevocable' until after Bartel resigned as a director is without merit substantially for

---

[4] *Gryl ex rel. Shire Pharms. Grp. v. Shire Pharms. Grp*, 298 F.3d 136, 141 (2d Cir. 2002).

[5] Dkt 5 (amended complaint) at ¶¶ 4, 21–22.

[6] *Avalon Holdings Corp. v. Gentile*, 597 F. Supp. 3d 640, 650 (S.D.N.Y. 2022) (quoting *Donoghue v. Centillium Communs. Inc.*, No. 05-cv-4082 (WHP), 2006 WL 775122, at * 5 (S.D.N.Y. Mar. 28, 2006)) (citing *T-Bar, Inc. v. Chatterjee*, 693 F. Supp. 1, 5 (S.D.N.Y. 1988)).

[7] *Foremost-McKesson, Inc. v. Provident Sec. Co.*, 423 U.S. 232, 254 n.28 (1976); *see Blau v. Ogsbury*, 210 F.2d 426, 427 (2d Cir. 1954).

[8] Dkt 33-4 (SPA) at 1.  Plaintiffs concede that the Court may consider the SPA.  Dkt 43 at 17.

4

the reasons explained by defendants in their opposition.[9] Because Bartel was a director at the time of the purchase, the second requirement was satisfied and Rule 16(b)-3's exemption therefore applied.

Defendants' motion to dismiss is granted.[10] The amended complaint is dismissed with prejudice. The Clerk shall close the case.

SO ORDERED.

Dated:   August 16, 2024

_____
Lewis A. Kaplan
United States District Judge

---

[9]  Dkt 50 (Def. Mem.) at 4–7. Because the language of the SPA is unambiguous, its interpretation is a question of law for the Court. *Bourne v. Walt Disney Co.*, 68 F.3d 621, 629 (2d Cir. 1995).

[10]  Dkt 31.